UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BGM ELECTRONIC SERVICES, LLC,

       Plaintiff,

                                Case No.

vs.

                                Hon.

VENTEC LIFE SYSTEMS, INC.,

       Defendant.                                      /

## **COMPLAINT**

Plaintiff, by and through its attorneys, Foley & Lardner LLP, alleges as follows for its Complaint against Defendant Ventec Life Systems, Inc.

## **JURISDICTION AND PARTIES**

1.      BGM Electronic Services, LLC ("BGM") is a Michigan limited liability company and conducts business in Oakland County, Michigan. BGM's members reside in and are citizens of the State of Michigan.

2.      Defendant Ventec Life Systems, Inc. ("Ventec") is a Delaware corporation who conducts business in Michigan. On information and belief, Ventec's has a principle place of business in the State of Washington.

3.      This dispute arises out of business transacted by Ventec, in the state of Michigan.

4.      This Court has general personal jurisdiction over Ventec.

5.      This Court has specific personal jurisdiction over Ventec for purposes of this dispute. Ventec has purposefully availed itself to and enjoys the benefits of the laws of Michigan, Ventec has sufficient minimum contacts with the State of Michigan and this District, this action arises of such contacts, and exercising jurisdiction over Ventec would be reasonable and comport with the requirements of due process.

6.      This Court has federal question subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332. The matter in controversy is between citizens of a state and a citizen of a foreign state and the amount in controversy exceeds $75,000, exclusive of interest and costs.

7.      The business transactions out of which this dispute arises were conducted in Oakland County. Accordingly, venue is proper in this Court.

## GENERAL ALLEGATIONS

8.      BGM is a manufacturer of various parts and equipment.

9.      Ventec entered into contracts to purchase certain goods (the "Goods") from BGM.

10.     Ventec agreed to purchase the Goods from BGM. A true and correct copy of the Invoices are attached as Exhibit A.

11.     BGM delivered the Goods to Ventec.

12.     Ventec accepted the Goods.

13.     The balance of the purchase price owed for the Goods is $736,907.84 A true and correct copy of the Statement of Account is attached as Exhibit B.

14.     Ventec failed to make payment in full for the Goods as it became due. *See* Ex. C, Declaration of Laura Stevens.

15.     To date, Ventec has failed to fulfill its obligation to pay BGM for the Goods.

## COUNT I: BREACH OF CONTRACT

16.     BGM restates and incorporates the allegations contained in the paragraphs 1–15 as if fully set forth herein.

17.     A valid and enforceable contract existed between BGM and Ventec, which was made for good and valuable consideration.

18.     BGM has fulfilled all of its obligations under the contract in all material respects.

19.     The failure to pay BGM for the Goods constitutes a material breach of the contract by Ventec.

20.     Because of the breach by Ventec, BGM has proximately and directly suffered damages in the amount of $736,907.84, plus additional damages, including, but not limited to, incidental and consequential damages, along with interest, costs, and attorney fees.

21.     Accordingly, BGM is entitled to judgment against Ventec in the amount of $736,907.84, plus additional damages, including but not limited to incidental and consequential damages, along with interest, costs, attorney fees, and all other relief permitted by law.

## COUNT II UNJUST ENRICHMENT

22.     BGM restates and incorporates the allegations contained in the paragraphs 1–21 as if fully set forth herein.

23.     This Count is pled in the alternative.

24.     BGM conferred a benefit on Ventec by providing the Goods.

25.     BGM conferred the benefit on Ventec based on a reasonable belief that it would be paid for the Goods.

26.     Ventec expected that it would have to pay for the benefit of the Goods that it received.

27.     It would be inequitable to allow Ventec to retain the benefit of the Goods without compensating BGM.

28.     To avoid Ventec being unjustly enriched, BGM is entitled to judgment in the amount of at least $736,907.84, plus additional damages, including but not limited to incidental and consequential damages, along with interest, costs, attorney fees, and all other relief permitted by law.

## COUNT III ACCOUNT STATED

29.     BGM restates and incorporates the allegations contained in the paragraphs 1–28 as if fully set forth herein.

30.     An authorized representative of BGM avers that the sums stated in the Statement of Account are justly due and owing by Ventec to BGM and not subject to any set off. BGM is entitled to the sums owed.

31.     Ventec has not objected to the Statement of Account or any sum due and owing thereunder. Accordingly, the account has become stated.

32.     Accordingly, BGM is entitled to judgment against Ventec in the amount of $736,907.84, plus additional damages, including but not limited to incidental and consequential damages, along with interest, costs, attorney fees, and all other relief permitted by law.

## PRAYER FOR RELIEF

WHEREFORE, BGM requests that this Court issue a judgment in its favor against Ventec for $736,907.84, plus additional damages, including but not limited to incidental and consequential damages, along with interest, costs, attorney fees, and all other relief permitted by law.

Respectfully submitted,

**Foley & Lardner LLP**

/s/ Mark A. Aiello
Mark A. Aiello (P43012)
Alan J. Gocha (P80972)
500 Woodward Ave., Suite 2700
Detroit, MI 48226-3489
(313) 234-7100
maiello@foley.com
agocha@foley.com

*Attorneys for Plaintiff*

Dated:  May 23, 2022

6